ALICE SLATTERY ET AL., APPELLANTS, V. CLARENCE H. DOUT ET AL., APPELLEES.

FILED JUNE 19, 1931. No. 27814.

*Allen G. Fisher, Fern S. Baker* and *Charles A. Fisher,* for appellants.

*C. A. Sorensen,* Attorney General, *T. F. Neighbors, E. D. Crites, F. A. Crites* and *Schnurr & Mumby,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ.

Rose, J.

This is a controversy over water rights. In Sioux county plaintiffs own lands upon which there are perpetual springs at the head of Jim creek, a perennial stream flowing naturally in a well-defined channel through lands of plaintiffs and lands of lower riparian owners. The action is in the form of a suit in equity to quiet in plaintiffs' title to the springs and the waters flowing therefrom and to enjoin defendants from interfering with the exclusive right of plaintiffs to the use thereof for domestic purposes, for watering stock and for irrigation. The asserted right of plaintiffs to the relief sought by them is based on pleas that they acquired their lands and the exclusive right to the spring waters under United States patents which relate back to homestead entries as early as 1885, 1886, and 1889, and that this is a vested right protected by the Constitution of the United States and the Constitution of the state of Nebraska.

The only lower riparian owner named as defendant is Clarence H. Dout. The other defendants are Roy L. Cochran, secretary of the department of public works of the state of Nebraska; Robert H. Willis, chief of the bureau of irrigation under the department of public works; John J. Rasmussen, superintendent of the local water division. It is charged in the petition that Rasmussen, incited by Dout, unlawfully opened dams and head-gates on the premises of plaintiffs and permitted legally stored waters to escape and run down Jim creek.

In the answers of defendants they denied the commission of any wrongful act charged, and pleaded that Dout is a lower riparian proprietor on Jim creek, a perpetual stream of public waters of the state; that, by adjudicated state appropriations granted under the irrigation laws of Nebraska, Dout and plaintiffs acquired water rights in Jim creek; that Dout's appropriation was first in right and time and established a priority dating from May 15, 1889; that the patents procured by plaintiffs from the

United States did not convey title to the entire flow of the waters of the springs and of Jim creek; that Dout is entitled to waters from the natural flow of the stream for domestic purposes and for watering stock and is also entitled to the waters appropriated to him for irrigation; that in 1930 plaintiffs impounded in dams and reservoirs the entire flow of the stream without regard to the rights of Dout, a lower riparian proprietor and prior appropriator; that plaintiffs by acquiring and exercising the rights of appropriators, waived superior rights, if any, based on absolute ownership of the waters.

The reply of plaintiffs contained a general denial and a plea that the appropriations were void for want of power of the state to administer waters belonging exclusively to plaintiffs under their patents.

Upon a trial the district court found the issues of law and fact in favor of defendant and dismissed the suit. Plaintiffs appealed.

Upon the record presented for trial *de novo*, plaintiffs are not entitled to the relief sought by them unless their patents conveyed to them the title to, and the exclusive right to control and use, the waters which flow from springs on their lands and form Jim creek, which is shown by the evidence to be a perennial stream flowing in a well-defined natural channel through lands of Dout and other lower riparian proprietors in the regular drainage of the watershed in which the springs are located. A conveyance of land upon which a perpetual spring is the fountainhead of a stream, flowing naturally in a well-defined channel in the course of drainage through other lands, grants riparian rights in the waters of the stream, but not absolute ownership and exclusive use of such waters without regard to the rights of lower riparian proprietors. See cases cited in 55 A. L. R. 1502. In this view of the law the dismissal of the suit was free from error.

AFFIRMED.